CHERRY, for use, *vs.* THE NORTH & SOUTH RAILROAD.

1. Suit must be brought on a contractor's lien within twelve months from the date of its record. The mere filing of a declaration in office, unless followed by proper service upon the defendant, is not the commencement of suit.
2. Though the railroad may have been seized by the governor under an act of the legislature prescribing such course in case of its fail-

65  633
100  224
65  633
104  356
65  633
†109 623
65  633
126  827
65  633
127  467

ure to meet the interest due on its bonds indorsed by the state, this did not abrogate its obligations to others, and the failure to sue on such lien within twelve months from its record, notwithstanding such seizure, destroyed its vitality.

Lien. Railroads. Actions. Service. Before JAMES T. WILLIS, ESQ., Judge *pro hac vice.* Harris Superior Court. October Term, 1879.

Reported in the opinion.

INGRAM & MATHEWS, for plaintiff in error.

W. A. LITTLE, for defendant.

HAWKINS, Justice.

On the tenth day of March, 1879, W. C. Cherry, for the use of another, commenced an action in the superior court, of Harris county, on the common law side of the court, for equitable relief, and to enforce and forclose a contractor's lien dated and recorded in the superior court on the fifteenth day of January, 1874, against the North and South Railroad Company, a corporation chartered by the legislature of the state in 1870.

The petition alleged that he was a railroad contractor, and under contract with said corporation, built a trestle or an extension of a certain bridge over Mulberry Creek, traversed by said railway, for the sum of one thousand one hundred and eighteen dollars and fifty-seven cents. That the work was completed on the ninth day of January, 1874, and at the April term of Harris superior court he commenced his action to enforce his said lien and of assumpsit, the company then having an agent doing business in said county—that after the filing of said suit, and before the same was served upon its agent, then in said county and transacting business for said corporation, the same was seized by the state—that on the twenty-third day of April, 1874, and after the filing of said suit, the gov-

ernor, having previously indorsed the bonds of said corporation to the amount of two hundred and forty thousand dollars, on non-payment of the interest on said bonds, seized said road and so retained and kept said road and its property until the twenty-fifth day of October, 1878, when it was sold as the law allowed, to the defendants, and they are now the owners of said railroad. That while the state so held the same, no suit could be maintained against her sovereignty, and no legal service having been effected on the North and South Railroad Company before its seizure by the state, the original suit was dismissed in 1877; that in October 1878, the state sold the road and the defendants to this suit became the purchasers and are now using and owning the same.

He prays that his lien may be enforced and such relief may be had as could be granted by a court of equity, says the corporation is insolvent, and that his account has never been paid.

On the case being called the defendants (all of whom except the agent resided in Muscogee county and were served by second originals) demurred to said declaration and moved to dismiss said action, which motion the court sustained and dismissed plaintiff's case, and of this he complains here by bill of exceptions, and says the court erred in so ruling.

1. The contractor's lien for building the trestle or extending the bridge in January, 1874, as provided in sections 1979 and 1980, must be. regarded and controlled as to its record, foreclosure and suit therein, as like unto the other liens created by similar legislation.

Its vitality depends upon three several things—the work must be completed—the lien must be recorded, and suit must be brought thereon within twelve months from its record; if the three things do not concur in fact, or there is a failure in either, then the lien is inoperative, even against the defendant. The declaration alleges the completion of the work, the recording of the lien, and the bringing of a

v 65—41

suit thereon in Harris county within twelve months by filing the declaration, but omits to show any service upon the defendant or its agent, but shows service upon the agent of the state after the seizure thereof by the state of Georgia.

Was this the commencement of the suit, or was that suing the lien within twelve months, as is provided in sections 1981–2? It is true the Code says that the filing of the declaration with the clerk is regarded as the commencement of the suit, but this must be construed with kindred regulations for suits and the service thereof.

In *Ferguson vs. New Man. Man. Co.*, 51 *Ga.*, this court says that the commencement of a suit implies more than the mere filing. It must be followed up by a service, and if not, it would not be a suit in legal contemplation. Here there was no legal service of the original suit upon the defendant or its agent in Harris county, but the writ was served upon the agent of the state and was therefore no service.

2. The North & South Railroad was an artificial person, having a legal existence and capable of suing and being sued, and though the state under the provisions of its organic law, and according to its contract of indorsing these bonds, had seized the property of the corporation, still they were bound for their obligations and contracts and all liens created by law or contract, and which were enforceable in the courts, notwithstanding the default in the payment of interest on the indorsed bonds.

If it was competent for the plaintiff to file his lien in the county of Harris, it was quite as legal to sue the corporation, so as to obtain a judgment of the court against the property upon which the lien was recorded. This he did not do; but finding that the state had seized the property of the corporation, he took no further steps to enforce the lien until the year 1879, four years after the same was recorded. Whatever reason may exist for not suing on the lien within twelve months—whatever imped-

iments may prevent the suing within the time—the failure to sue is fatal to the lien. Nothing will release the holder of the lien from commencing a proceeding within the twelve months. If he fails to take legal steps within the time, his lien is nugatory. The demand of the law to move is inexorable. There being no suit to enforce this lien within twelve months, and this *quasi* equitable procedure to enforce it not being commenced until 1879, we think the demurrer was properly sustained. As this controls this suit, we deem it unnecessary to decide as to the priorities of the state in controversies with private citizens, or the effect of the sale to the present owners of the railroad.

Judgment affirmed.