# FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY v. RAGAN.

1. The lien provided in section 2814 (2) of the Civil Code, in favor of attorneys at law upon a suit, does not arise, as against the defendant in such suit, until there has been either service of process, or actual notice of the filing of the petition.   It follows, therefore, that where a settlement is had between the plaintiff and the defendant, and the latter is ignorant that the petition has been filed at the time of the settlement, such settlement would be a bar to a recovery by the plaintiff in such suit of fees due by him under a contract with his attorneys.
2. It being apparent from the record that the plaintiff constituted a certain person her agent to receive the money which the defendant had agreed to pay her in its contract of settlement, it was error to charge the jury that the settlement "was not completed until the consideration to be paid to the plaintiff was paid to her and accepted by her in satisfaction." Such settlement was complete the moment the agent received payment for the check given him in satisfaction of his principal's claim.

3. In view of the ruling announced in the first headnote, it is not necessary to consider the other questions made in the motion for a new trial.

Argued January 26, — Decided May 26, 1898.

Action for damages. Before Judge Norwood. City court of Savannah. July term, 1897.

*Denmark, Adams & Freeman*, for plaintiff in error.
*R. R. Richards* and *W. P. Hardee*, contra.

COBB, J. On May 11, 1896, Maria L. Ragan received physical injuries in consequence of the derailment of a train of the Florida Central and Peninsular Railroad Company, upon which she was a passenger. On the next day she employed attorneys to bring suit against the railroad company for the damages sustained by her, agreeing to pay them for their services one half of such amount as she might receive from the company. Suit was accordingly filed on May 14, 1896, the damages being laid at $10,050. On the day on which suit was filed and while she was confined to her bed on account of her injuries, the company paid her $250, and took from her a receipt stating that in consideration of that sum she released and discharged the company from all claims and demands which she had or might be entitled to have against it, either in her own name or that of any one else, and especially from all liability for loss or damage which had resulted or might result from injuries suffered by her on the occasion above mentioned. This was done without the knowledge or consent of her attorneys. She prosecuted the action, and the company set up in defense that it had settled with her in full. It admitted that but for the settlement it would be liable for the injuries. The plaintiff contended that the settlement was obtained by fraud, and therefore was not binding. It was further contended that her attorneys were not bound by the settlement, and that they had a lien upon the suit for the amount of their fees. The defendant denied that there was any fraud in the settlement, and contended that the plaintiff ratified it by retaining the amount received by her. Under the evidence there was some question as to whether the suit was filed before the alleged settlement was made. It does not appear that the defendant then had any actual notice of

the pendency of the suit, or that there had been any service of process upon it. The verdict was: "We, the jury, find for the plaintiff $500, fifty per cent. of said amount allowed as attorneys' fees. The amount of $250 which would otherwise have come to the plaintiff is not allowed, under the charge of the court, on account of her settlement with the defendant." The defendant's motion for a new trial was overruled, and it excepted.

1. The court charged the jury, in effect, that the settlement made with the plaintiff was binding upon her; and the jury found accordingly. So it is not contended here that she had a right to prosecute the suit for her own benefit. The only question presented for adjudication is whether, under the facts appearing in the record, the attorneys·could prosecute the action for the recovery of their fees under a contract with the plaintiff. There is some slight conflict in the evidence as to whether the settlement was made before the petition was filed; but as there is abundant evidence to show that such was not the case, and as the jury based their verdict on the testimony which tended to show that the settlement was effected after the suit was filed, we must be controlled by that theory in reaching a conclusion on this question. The question therefore resolves itself into the inquiry as to whether or not an attorney can prosecute an action for his fees after a contract of settlement has been entered into between the parties to the suit, after suit has been filed in the name of the client, but before the opposite party has had any actual notice of the filing of the petition and before service of process has been made upon him. At the trial of the case the court charged the jury: "After an attorney files his suit for his client, he has a lien on that suit, just as a builder has a lien upon the building for labor done and material furnished, when he files his claim in court in pursuance of the statute regulating the filing of liens. A suit is filed when the declaration is marked by the clerk of the court where the suit is brought, 'filed in office this' blank day of, and so on. And at the moment the clerk writes that upon the declaration, that suit is pending, and at that moment the lien of the attorneys on that suit arises. If you find that at the

time the suit was filed, be it 5 or 6, or whatever hour in the day, the settlement had not been made between the plaintiff and the defendant, I charge you that that suit gave a lien which they could not divest these attorneys' fees of by that settlement. You look to the facts and ascertain whether that suit was filed before this settlement was made."

We think this charge was error. Section 2814 (2) of the Civil Code provides that attorneys at law shall have a lien "upon suits, judgments, and decrees for money, . . superior to all liens but tax liens, and no person shall be at liberty to satisfy said suit, judgment, or decree, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments, and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them." It is provided in section 4973 that "upon every petition the clerk shall indorse the date of its filing in office, which shall be considered the time of the commencement of the suit." The section first above quoted gives attorneys a lien upon the suit whenever such suit commences. Since the passage of the act from which the section second above quoted is taken, this court ruled in the case of *Cherry* v. *Railroad Company*, 65 *Ga.* 633, following the decision of this court in *Ferguson* v. *New Man. Mfg. Co.*, 51 *Ga.* 609, that "the mere filing of a declaration in office, unless followed by proper service upon the defendant, is not the commencement of the suit." The court has no jurisdiction of the defendant until after service of process; and accordingly it was held in the case of *McClendon* v. *Hernando Phosphate Co.*, 100 *Ga.* 219, that while the suit commences when the petition is filed, it is not a "pending suit" between the parties until after service of process. Under section 2814 the lien of an attorney for his fees arises whenever the suit filed by him commences, and as the suit does not really commence at all unless followed by proper service, it follows that no lien would arise in favor of an attorney before service of process or before actual notice of the pendency of the suit. In the *Cherry* case, above cited, an attempt was made to set up a contractor's lien. Everything necessary to be done in order to establish the lien

was done; the work was completed, the lien was recorded, and suit was brought within twelve months by the filing of the declaration, but no service was had upon the defendant. The court held as above quoted. It would seem, therefore, to be clear that where a settlement has been effected between the parties to the litigation after suit has been filed but before service of process and before any actual notice of the filing of the suit, the attorney of the party bringing the suit would not have a right to claim a lien on such a suit, for the reason that there is in contemplation· of law no suit to which a lien could attach.

2. In case at another trial actual notice of the filing of the petition should be shown, we deem it best to advert to another ground in the motion for a new trial. The defendant attempted to show that the settlement was completed before the filing of the petition. It appears from the testimony of the plaintiff that she constituted one Cohen her agent to receive the money from the company in settlement of her claim, for she says, "I did entrust Mr. Cohen to go and get my money." The court charged the jury that the settlement was not completed "until the consideration to be paid to the plaintiff was paid to her and accepted by her in satisfaction." This charge was erroneous, for the reason that the moment Cohen received payment of the check given him in satisfaction of his principal's claim, the settlement was completed whether the plaintiff ever received the money or not.

3. Other than as above indicated, we do not deem it necessary to consider the grounds of the motion for a new trial. The principles above announced control the case; and if the court in the admission of evidence or in charging committed any errors other than those above referred to, they will no doubt be corrected on another trial.

*Judgment reversed. All the Justices concurring.*