LUMPKIN *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY.

ATKINSON, J.  1. Under the ruling in the case of *Florida Central &*
*Peninsular R. Co.* v. *Ragan,* 104 *Ga.* 353 (30 S. E. 745), where suit
was brought against a railroad company for damages arising from
a personal injury, if, before service of process was perfected upon the
defendant, and without any actual notice of the filing of the petition,
the company settled with the plaintiff on account of such damages,
the lien of the attorneys of the plaintiff for their fees did not arise,
and they could not prosecute the action for the purpose of recovering
the amount of such fees due to them.

(a) This court has been requested to review the decision above cited; but
the members of the court are not unanimous in the opinion that it
should be overruled, and it must therefore stand as authority.

2. The mere allegation of notice to a physician, employed by a railroad
company to treat injured persons, of the filing of the suit, would not
alone suffice to show notice to the company, it not appearing that
dealing with litigation, or settlements, or the receipt of such notice,
was a matter within the scope of his employment.

3. The special allegations of the petition, by which it was sought to
charge that the physician was the agent of the railroad company,
whose knowledge would affect the company with notice, were not suf-
ficient for that purpose.

4. There was no error in dismissing the case on demurrer.

5. The case being prosecuted in the name of the plaintiff to enforce the
lien of her attorneys for their fees, and having been dismissed on de-
murrer, and a bill of exceptions having been sued out in the name of
the plaintiff and a pauper affidavit made by the plaintiff, the writ of
error will not be dismissed upon the ground that the costs of court had
not been paid, or that no pauper's affidavit was filed by real parties at
interest.                    *Judgment affirmed.   All the Justices concur.*
                              APRIL 12, 1911.

Attorney's lien.   Before Judge Lewis.   Greene superior court.
January 25, 1910.

The plaintiff filed a suit on September 13, 1907, returnable to
the February term of the superior court of Greene county, which
convened on February 10, 1908.   The petition, with process at-
tached, was served upon the defendant on January 25, 1908, which
was in due time before the appearance term.   On September 19,
1907, between the dates of the filing and of service of the petition,
the parties consummated a settlement between themselves, with-
out the knowledge or consent of the attorneys for plaintiff.   The
plaintiff's attorneys amended the petition so as to proceed in the
name of the plaintiff for their benefit for the establishment of a
lien, under the Civil Code of 1895, § 2814, par. 2 (Civil Code
(1910), § 3364), and upon that to recover from the defendant

fees alleged to be due the attorneys by the plaintiff in and about the prosecution of the suit. The court sustained a demurrer, the effect of which was to hold that under the allegations of the petition no lien existed in favor of the attorneys for the plaintiff, and dismissed the action.

*F. B. Shipp* and *Joseph P. Brown,* for plaintiff.

*Joseph B. & Bryan Cumming* and *Park & Park,* for defendant.