### WINSLOW BROTHERS COMPANY v. MURPHY.

Where one claiming to have a right of action against another, on account of a personal injury, employed an attorney, and by written contract agreed to pay him one half of any sum realized from the claim by settlement, suit, or compromise (after paying certain expenses), if the client settled with the person claimed to be liable before suit was

brought, without the knowledge or consent of his attorney, this did not authorize the attorney to bring suit in the name of his client for the purpose of recovering his fee, although the person claimed to be liable made the settlement after notice of the contract between the attorney and his client.

(*a*) Where a suit was so brought and the petition showed such facts, it was demurrable.

JANUARY 15, 1913.

Complaint. Before Judge Bell. Fulton superior court. October 18, 1911.

*Anderson, Felder, Rountree & Wilson,* for plaintiff in error.
*Moore & Branch,* contra.

LUMPKIN, J.   A man, claiming to have a right of action for a personal injury, employed an attorney, and in writing agreed that for his services the client should pay him one half of any sum realized from the claim, by settlement, suit, or compromise; provided that the expenses of the client for doctor's bills and drug bills were to be paid "before dividing the amount received on the claim." The attorney brought an action in the name of his client, alleging that the attorney was negotiating with an agent of the defendant for a settlement, and that the latter had notice of the contract by which he was to receive a part of the recovery or settlement, but nevertheless settled with the client, without the knowledge or consent of the attorney. It was not distinctly stated that the settlement was made before the suit was brought, but it is inferable from the allegations of the petition, which are to be taken more strongly against the pleader; and the case was argued on that theory. There were allegations as to the liability of the defendant to the plaintiff for the injury. The court overruled the demurrer to the petition, and the defendant excepted.

As the law was embodied in the Code of 1863, it was declared that the attorney's lien should attach for his fees and for a general balance on all sums collected by him, and upon all property recovered by his services. Provision was also made in regard to the right of an attorney condemning property to a fee from the proceeds, although older liens might demand and recover such proceeds from his immediate client. The next section (1990) was as follows: "Parties can not, by settlement between themselves, defeat the attorney of any lien or claim under contract with his client of which the opposite party had notice prior to the con-

summation of such settlement." The law, as thus codified, was carried forward into the Code of 1868. In 1873 an act was passed which was entitled "An act to regulate the law of liens in the State of Georgia." It dealt with liens of various kinds. It declared that attorneys should have a lien on all papers and money of their clients in their possession, for services rendered, and might retain such papers until such claims were satisfied, and might apply such money to the satisfaction of such claims. They were also given a lien "upon suits, judgments, and decrees for money," and it was declared that "no person shall be at liberty to satisfy said suit, judgment, or decree, until the lien or claim of the attorney, for his fees, is fully satisfied;" and also that "attorneys at law shall have the same right and power over said suits, judgments, and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them. Upon all suits for the recovery of real or personal property, and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes." Acts 1873, pp. 42, 46. In the Code of 1873 and that of 1882, the codifiers omitted section 1990 of the Code of 1863, above quoted, inserting a memorandum that it had been superseded by the act of 1873. In *Haynes* v. *Perry, 76 Ga.* 33 (decided in 1885), Blandford, J., said in the opinion that the section mentioned had never been altered, and was still the law. But in that case the attorney had recovered a judgment, which he was seeking to collect by execution in order to pay fees due to him by his client. The decision was made to turn upon a failure to traverse the answer of the sheriff to a rule against him to compel him to pay over a fund in his hands. In *Little* v. *Sexton, 89 Ga.* 411 (15 S. E. 490), that case was cited and limited.

The act of 1873 as to attorneys' liens was codified in the Code of 1895 as section 2814, and in the Code of 1910 as section 3364. Each of these Codes was adopted by statute, and in neither of them did section 1990 of the original Code appear. The act thus codified broadened the previous law as to attorneys' liens. The section of the original Code which is quoted above was a part of the law as it stood before that act, and we think has been superseded by the act, the codifications omitting that section, and the adoption of the Codes. The broader general act took the place of

the narrower law contained in the first Code; and we can not hold that the remark of Blandford, J., was a conclusive ruling to the contrary. Were it otherwise, it would nevertheless be questionable whether the words "parties" and "opposite parties," employed in the original Code and that of 1868, did not mean parties to a litigation. The Code of 1873 and that of 1882 were not adopted by legislative enactment. But those of 1895 and 1910 were adopted. In *Brown* v. *Georgia, Carolina & Northern Ry. Co.*, 101 *Ga.* 80 (28 S. E. 634), it was held, that "The mere engagement by a prospective suitor of an attorney at law, upon a contingent fee, does not give rise to a lien for fees in favor of the latter upon the cause of action respecting which he is employed;" but that upon the bringing of suit his lien attached to such suit. In that case, while a suit was pending for damages on account of a personal injury, the parties settled the case between themselves without reference to the attorneys of the plaintiff. Subsequently a nonsuit was granted. Later the attorneys commenced a second action. The defendant pleaded a settlement. The attorneys claimed the right to proceed for their fee, which they alleged was one half of whatever they might recover for the plaintiff. It was held that they had no right to prosecute the second action after the settlement with their client before it was begun. Speaking of plaintiff's attorneys, it was said: "Their lien upon the original suit was extinguished by the judgment of nonsuit, and whatever would operate as a bar to the prosecution of a second suit by the client likewise bars them. It would be otherwise if the statute hereinbefore referred to gave to the attorneys at law a lien upon the cause of action, instead of a lien upon the suit and the proceeds which might result from the prosecution of it." While the section of the original Code which is now relied on was not there mentioned, the reasoning is controlling in the present case. That case was decided by five Justices; but the ruling has been carried even further in *Florida Central & Peninsular R. Co.* v. *Ragan*, 104 *Ga.* 353 (30 S. E. 745), where it was held that, under the Code, the lien of the attorney for the plaintiff upon the suit did not arise as against the defendant until there had been either service of process or actual notice of the filing of the petition. We have been asked to review these cases, as well as that next cited. Speaking for myself, I am not able to concur in the reasoning in the case of *Florida Central &*

*Peninsular R. Co.,* supra, on the point of notice, where an actual suit is filed, followed by service in due time. Section 4533 of the Civil Code, on the subject of lis pendens, declares that a pending suit is a general notice of an equity or claim to all the world from the time when the petition is filed and docketed. Section 5551. declares that the date of filing shall. be considered the time of the commencement of the action. This court has held that, relatively to the doctrine of notice, the suit is notice to the world from the filing and docketing, provided this is followed by the issuance and service of process and due prosecution. *Bridger* v. *Exchange Bank,* 126 *Ga.* 821 (8), 827, 828 (56 S. E. 97, 8 L. R. A. (N. S.) 463, 115 Am. St. R. 118). I do not see any reason why notice of an equity or right to property should arise in favor of a client from the date of the filing and docketing, if duly followed by service and prosecution of the case, but should not arise in favor of the attorney until actual service or actual notice of the suit. And this court has held that notice of the suit is sufficient notice of the attorney's lien upon the suit and its proceeds. *Little* v. *Sexton,* supra. But a request was made to review that decision, and, the members of the court not being unanimous in the opinion that it should be overruled, it was left to stand as authority. *Lumpkin* v. *Louisville & Nashville R. Co.,* 136 *Ga.* 135 (70 S. E. 1101). However that may be, no case has come to our attention where it was held that an attorney could commence an original action in the name of his client to recover his fee after there had been a settlement made between the client and the person against whom he claimed damages for a personal injury. In the absence of a statutory provision, some courts have held that, after suit was brought and the parties and attorneys were before the court, a sort of general power on the part of the court might be exercised to prevent a dismissal in fraud of the rights of the attorney; but this power has been denied by others.

It has been suggested that an agreement for the attorney to receive his compensation out of the recovery was in the nature of an equitable assignment to him; and certain language by Bleckley, J., in *Twiggs* v. *Chambers,* 56 *Ga.* 279, 281, was relied upon as sustaining that position. The statute under construction gave a lien on all suits as well as on the property recovered. The headnote declared that the attorney whose fee was payable by contract

out of the proceeds of the suit had an inchoate lien upon the property for his fee as soon as the action was commenced, and the client had no right to defeat such lien by dismissing the action before trial, over the attorney's objection, without first paying the fee. What was said in the opinion was with reference to this state of facts. The statute declares that the right of action for personal torts or for injuries arising from fraud to the assignor can not be assigned. Civil Code, § 3655. If an agreement to pay a contingent fee in such a case were held to amount to an attempted assignment (which is not decided), it would not confer on the attorney the right of an assignee as distinguished from his right to a lien under the statute. 4 Cyc. 990; Kusterer v. City of Beaver Dam, 56 Wis. 471 (43 Am. R. 725, 14 N. W. 617).

We have not been unmindful of the argument of counsel for the plaintiff that an injustice, if not a fraud, had been perpetrated upon him by the settlement made directly with his client, after he had opened negotiations for a compromise and after notice of his contract for a conditional fee. But we are unable to hold that the attorney for the plaintiff acquired any lien beyond that provided by the statute, or any further right as a quasi assignee.

*Judgment reversed. All the Justices concur.*