### 31982. FRANEK v. RAY.

BOWLES, Justice.

This is an interlocutory appeal from an order of the Superior Court of DeKalb County. The sole issue before this court is whether the superior court had jurisdiction to determine and modify custody of the two minor children of the parties.

Robert A. Franek, the appellant, and Victoria J. Ray, the appellee, were divorced on June 21, 1974, custody of their two minor children being granted to the appellee pursuant to an agreement by the parties. On January 24, 1975, by order of the Superior Court of DeKalb County, custody of the children was taken from the appellee and granted to the appellant. In June, 1976, in accordance with the visitation privileges set forth in the custody decree of January, 1975, the appellant delivered the two minor children to the appellee with the understanding that they were to be returned to the appellant one month later. On June 16, 1975, the appellee filed a petition for a change of custody in the Superior Court of DeKalb County, but no service was had on the appellant at that time. Subsequent to the filing of this petition, the appellant removed himself from the State of Georgia and became physically located in the State of Texas. The appellant contended that the move was prompted by a change in employment, and was not personally served with process in regard to the June 16th suit until September 27, 1976, service being made upon him in Houston, Texas, by a sheriff of that state.

On the date when the children were to be returned to the custody of appellant, the appellee notified the appellant that she would not release the children to him. The appellant thereupon filed a petition in the Superior

Court of DeKalb County for citation of contempt on September 2, 1976, seeking to regain custody under the existing order of January, 1975. A consolidated hearing on the petition for change in custody and petition for citation of contempt was held on October 18, 1976 before a judge of the Superior Court of DeKalb County to decide whether or not the court had jurisdiction over the custody issue. There was no testimony given at the hearing nor was any transcript of the argument of counsel made. The trial judge decided that jurisdiction over the children of the parties for purposes of determining matters of custody was properly laid in the Superior Court of DeKalb County. It is from this order that appellant moved for a certification of immediate review, which was signed by the trial judge, and granted by this court.

It is well settled in this state that after an award of custody, any further proceedings relating to the custody of the children must be brought in the county wherein the defendant resides. *Goodloe v. Goodloe,* 211 Ga. 894 (89 SE2d 654) (1955). Where a divorce decree is granted and custody is awarded to one parent who then moves to another county, a petition for change of custody brought by the other parent in the previous county would have to be dismissed for improper venue. *Gibbs v. North,* 211 Ga. 231 (84 SE2d 833) (1954). When the parent awarded custody in Georgia moves to a foreign state, that state, and not Georgia, has jurisdiction over any new questions as to custody. *Locke v. Locke,* 221 Ga. 603 (146 SE2d 273) (1965); *Van Gorder v. Van Gorder,* 227 Ga. 255 (179 SE2d 750) (1971).

The facts before us present this court with a novel question. It is clear that proper venue is correctly laid only in the superior court of the county wherein the appellant resides. However, because the appellant was a resident of DeKalb County, Georgia, when the suit was initially filed and then moved to Houston, Texas, prior to service of process, this court must determine the particular point of time to focus upon in determining residence of the defendant for purposes of venue. In other words, should the court look at the residence of a defendant at the time a petition is filed in the clerk's office, or should the courts look to the date of service upon the defendant in

determining residence for purposes of establishing proper venue.

Appellant contends that a suit commences only after the filing of a complaint and the proper service of process upon the defendant. He argues, that since he was not a resident of DeKalb County, Georgia, at the time of service upon him in Texas, venue was improper in the Superior Court of DeKalb County and this suit, therefore, should be dismissed. We disagree with appellant's position and hold that since a suit commences with the filing of a petition alone, appellant, being a resident of DeKalb County, Georgia, at that time, venue was properly laid in the superior court of that county.

Several older decisions of this court have stated that a suit commences only after the filing of a petition in the clerk's office and the proper service of process upon the defendant. *Cherry v. North & S. R. Co.,* 65 Ga. 633 (1880); *McClenden v. Hernando Phosphate Co.,* 100 Ga. 219 (28 SE 152) (1896); *Nicholas v. British American Assur. Co.,* 109 Ga. 621 (34 SE 1004) (1900); *Cox v. Strickland,* 120 Ga. 104 (47 SE 912) (1904). In *McFarland v. McFarland,* 151 Ga. 9 (2) (105 SE 596) (1921), the court expanded upon their interpretation of these cases and stated that "filing followed by service creates a pending suit *from* the date of filing. But if there is no service, the process loses its vitality, and the effect mentioned does not result. [Cits.]" (Emphasis supplied.)

In 1967 the Civil Practice Act was enacted in Georgia, which was intended to revise and modernize Georgia's legal procedure. Under Rule 3 of the Act, C. P. A. Section 3, Code Ann. § 81A-103, which is identical to the federal rule, "an action commences upon the filing of the complaint." Being identical in wording, the history of the federal rule may be an aide in interpreting the purpose behind the Georgia rule. Before the enactment of Federal Rule 3 the original advisory committee was sharply divided in its attempt to define "commencement of action." At one time a majority of the committee favored the so-called "hip-pocket" method of commencing an action, and the proposed text provided that an action would be commenced by filing and the service of process. One alternative contemplated by the committee called for

the commencement of an action by filing a complaint, but with a further provision that the action should abate unless service was made within 60 days. However, as finally adopted, Rule 3 treated the filing of the complaint as determinative apparently disregarding service of process altogether. See, 4 Wright & Miller, Federal Practice and Procedure: Civil § 1051 (1969). Although the advisory committee deliberately chose not to require service of process within a specified period after filing some courts have indicated that filing of the complaint commences an action but that service of process within a reasonable time thereafter must be made in order to keep the suit pending. See, Wagner v. New York, O. & W. R., 146 F Supp. 926 (D. C. Pa., 1956); Gallagher v. Carroll, 27 FSupp. 568 (D.C. E.D.N.Y., 1939).

One of the few cases in Georgia to interpret Rule 3 is *Taylor v. Kohlmeyer & Co.*, 123 Ga. App. 493 (181 SE2d 496) (1971), wherein the Court of Appeals held that service or waiver of service was essential to the commencement of an action, but that once service was made it relates back to the original date of filing, which establishes the date the action is commenced.

If this court were to follow a rule which required service of process as a requisite for commencing a lawsuit the courts of this state would be presented with a host of procedural problems. In respect to the present case, if filing of the petition and service of process is used as commencement of the suit and as a point in time at which residence is to be determined for purposes of venue, one could change his residence as soon as suit was filed and avoid a lawsuit in that county. This court fails to see the rationale behind any rule of law which would aide a defendant in avoiding a lawsuit through procedural manipulations.

We, therefore, hold that for purposes of venue and other jurisdictional questions, a person's residence at the time of filing of suit is the determining factor. This ruling is not inconsistent with our holdings in *Cherry, McFarland* and *Taylor* in that filing is still not the commencement of suit unless followed by service within a reasonable time, but that once service is perfected upon a defendant it will relate back to the original date of the

filing which will be considered the date of the commencement of the lawsuit. Therefore, venue will be determined as of the date of filing as long as service is subsequently perfected upon a defendant within a reasonable time period.

In the present case, since the appellant was a resident of DeKalb County at the time of filing, venue was properly laid in the superior court of that county. In keeping with the holding in this decision we affirm and remand the case to the Superior Court of DeKalb County for determination of whether appellee used due diligence and served the appellant within a reasonable period of time so as to preserve the pending suit.

*Judgment affirmed and remanded. All the Justices concur, except Ingram and Hall, JJ., who concur in the judgment only.*

ARGUED FEBRUARY 16, 1977 — DECIDED JUNE 21, 1977.

*Donner, Brown & Rosenbluth, Richard T. Winegarden,* for appellant.
*William P. Smith, III,* for appellee.