35862, 35863. PERRY v. PERRY (two cases).

UNDERCOFLER, Presiding Justice.

Douglas and Barbara Perry were divorced in December, 1978, and property, child custody and visitation, and alimony and child support questions were settled by consent in January, 1979. On April 25, 1979, the husband petitioned to hold his wife in contempt for violating the consent order and filed a separate complaint for modification of the custody, child support and visitation provisions of the consent order. Before his wife was served, however, she moved out of the state to Tennessee, but was served there on June 27, 1979. She defended both suits on venue grounds. The trial court dismissed the contempt petition and all counts of the modification complaint except the count brought under the Uniform Child Custody Jurisdiction Act, Code Ann. Ch. 74-5. We granted his interlocutory application and reverse.

Under *Franek v. Ray,* 239 Ga. 282 (236 SE2d 629) (1977), the trial court erred in dismissing the contempt action and the counts of the modification petition not brought under the Uniform Act. "[V]enue will be determined as of the date of filing as long as service is subsequently perfected upon a defendant within a reasonable time period." Accord, *Brock Const. Co. v. Houston &c. Co.,* 144 Ga. App. 860 (243 SE2d 83) (1978). We reverse and remand for determination whether the husband used due diligence and served the wife within a reasonable time after filing the suit. *Franek v. Ray,* supra.

*Judgments reversed and remanded. All the Justices concur.*

SUBMITTED JANUARY 18, 1980 — DECIDED FEBRUARY 20, 1980.

*Kingloff, Clifford & Travis, J. Stephen Clifford,* for appellant.

*Zachary & Segraves, W. E. Zachary, Sr., Wayne F. Carmichael,* for appellee.