Linda McIntyre **GOODMAN**, Plaintiff,

v.

Samuel G. **DIAZ**, Defendant.

Civ. A. No. 86–19–ATH.

United States District Court,
M.D. Georgia,
Athens Division.

Aug. 5, 1986.

H. William Sams, Jr., Augusta, Ga., Kenneth A. Shanklin, Wilmington, N.C., for plaintiff.

Cynthia G. Weaver, Elberton, Ga., for defendant.

FITZPATRICK, District Judge.

This action arose as the result of an automobile accident which occurred on April 9, 1984. Plaintiff filed suit in the Middle District of Georgia on April 4, 1986, five days before the applicable statute of limitations ran. The Clerk of Court immediately issued a summons, which the plaintiff's attorney mailed to the defendant by Certified Mail, Return Receipt Requested. Plaintiff's counsel included with the Summons a one paragraph note dated April 7, 1986, the Complaint, and plaintiff's First Interrogatories to Defendant. The documents were received by the defendant on April 10, 1986.

The defendant filed his answer on April 30, 1986, and specifically objected to the sufficiency of process. Plaintiff corresponded with this court about the need to perfect service, and filed a request for a special appointment for service of process after conversing with the defendant's attorney about her insistence that service be made in accordance with the Federal Rules of Civil Procedure. The court determined that the special appointment was not necessary, and defendant was ultimately personally served on May 24, 1986, 50 days after the complaint was filed.

The motion presently pending before this court is defendant's motion to dismiss the plaintiff's complaint and to quash service of process based on two grounds: first, plaintiff alleges that service of process was insufficient; secondly, plaintiff alleges that the action is barred because it was not validly commenced within the statute of limitations.

The Federal Rules of Civil Procedure provide that service can be made upon an individual in any of the following ways:

(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies there at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(d)(1);

... (i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18-A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (D)(1) or (d)(3).

Fed.R.Civ.P. 4(c)(2)(C)(i), (ii).

The defendant argues that the April 10, 1986 delivery of the summons and com-

plaint by certified mail did not satisfy any of the methods of service under the Federal Rules. The defendant was not personally served at his "dwelling house or usual place of abode" under the provisions of the Federal Rules or under the identical statute under Georgia state law. Fed.R.Civ.P. 4(d)(1); O.C.G.A. § 9–11–4(d)(7) (1986). The April 10 mailing did not comply with the service by mail provisions of Federal Rule 4(c)(2)(C)(ii), as it was not mailed "by first class mail, postage prepaid", and did not include "two copies of a notice and acknowledgment, conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender." Fed.R.Civ.P. 4(c)(2)(C)(ii). The laws of Georgia do not provide for service by mail, and a Georgia Court in the case of *Benefield v. Harris* held that service by Registered Mail is ineffective against a Georgia resident. 143 Ga.App. 709, 240 S.E.2d 119 (1977).

■ However, the Federal Rules allow a plaintiff 120 days after the filing of the complaint to perfect service upon the defendant. Fed.R.Civ.P. 4(j). Defendant in this case was properly served personally by Lt. Joseph H. Merk of the Madison County Sheriff's Department on May 24, 1986, and the return of service was filed with this court. The initial defective service by mail was clearly perfected by personal service upon the defendant well within the 120 days allowed by the Federal Rules. Defendant's allegation that service of process remains insufficient is without merit, as service has been perfected.

■ Secondly, plaintiff argues that defendant's complaint should be dismissed because service was not perfected until forty-seven days after the applicable statute of limitations had run. Service was perfected within the 120 day period under the Federal Rules, but, in this case, the 120–day rule had the effect of extending the statute of limitations. In federal court cases based upon diversity of citizenship, the court must look to state law to determine whether or not the suit was validly commenced within the statute of limitations. *Walker*

*v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

In Georgia, filing suit does not constitute "commencement" until the filing is followed by service within a reasonable time. *Franek v. Ray*, 239 Ga. 282, 236 S.E.2d 629 (1977). However, "once service is perfected upon a defendant, it will relate back to the original date of the filing which will be considered the date of the commencement of the law suit." *Id.*, 236 S.E.2d at 632. Therefore, assuming that service was perfected within a "reasonable time", plaintiff's suit was commenced on the date of filing, April 4, 1986. The statute of limitations did not run until April 9, 1986.

This court concludes that service was perfected upon the defendant within a reasonable time. Georgia law provides that "service is to be made within five days from the time of receiving the summons and complaint, *but failure to make it within the five days will not invalidate a later service.*" O.C.G.A. § 9–11–4 (1986) (emphasis added). In determining whether or not service later than five days past the filing of the complaint is valid and reasonable, Georgia courts look at how diligent the plaintiff has been in attempting to perfect service as quickly as possible. *Long v. A.L. Williams and Assoc.*, 172 Ga.App. 564, 323 S.E.2d 868 (1984); *Hunt v. O'Neal*, 143 Ga.App. 313, 238 S.E.2d 286 (1977). This court must examine the facts of this particular case to determine whether the plaintiff exercised diligence. *Id; Childs v. Catlin*, 134 Ga.App. 778, 216 S.E.2d 360 (1975).

In this case, the plaintiff's attorney mailed a copy of the summons and complaint to the defendant before the statute of limitations ran. Defendant had full notice of the basis of the lawsuit within one day after the running of the statute, and answered the allegations of the suit. Plaintiff did not learn of defendant's objection to service by certified mail until May 1, 1986, when defensive pleadings were filed.

Subsequently, the attorney for defendant contacted plaintiff's attorney to discuss whether or not the defendant was going to insist on strict compliance with the service provisions of the Federal Rules. (*See* Affidavit of H. William Sams; Affidavit of Cynthia Weaver). On May 2, 1986, defendant's attorney stated that she was not sure whether her client would waive sufficiency of service, and that she would get back to plaintiff's attorney on this question. In fact, defendant's attorney never did contact plaintiff's attorney about this, and part of the reason plaintiff waited until the end of May to personally serve the defendant may have been based upon his reliance that defendant's attorney would contact him if the client wanted to insist that the defective service be corrected.

In the interim, plaintiff's attorney corresponded with this court about the need to personally serve the defendant. Plaintiff requested another conformed copy of the complaint, with accompanying documents, for service upon the defendant. Plaintiff's attorney received the requested documents on May 19, 1986, and immediately forwarded the documents to the Sheriff of Madison County, Georgia, for service upon the defendant.

In summary, plaintiff's attorney immediately took steps to correct the defective service by mail. Plaintiff's attorney acted with diligence in attempting to perfect service within a reasonable time. The majority of Georgia courts that have dismissed suits for failure to perfect service within a reasonable time dismissed these suits for failure to perfect within much longer time periods than fifty days. *See Long v. A.L. Williams*, 172 Ga.App. 564, 323 S.E.2d 868 (13 month delay in service); *Hilton v. Maddox, Bishop, Hayton Frame and Trim Contractors, Inc.*, 125 Ga.App. 423, 188 S.E.2d 167 (1972). (2½ year delay in service). Therefore, this court concludes that service was perfected within a reasonable time after the suit was filed, meaning that the suit was commenced on April 4, 1986. This action is not barred by the statute of limitations.

Defendant's motion to quash service of process and to dismiss plaintiff's complaint is denied.