20631. BOOKHOLT *v.* GENERAL MOTORS CORPORATION.

ARGUED SEPTEMBER 17, 1959—DECIDED OCTOBER 9, 1959.

*Gambrell, Harlan, Russell, Moye & Richardson, Terry P. McKenna, Allison Wade,* for plaintiff in error.

*Spalding, Sibley, Troutman, Meadow & Smith, Harry C. Howard,* contra.

WYATT, Presiding Justice. 1. The only question argued in this court is the constitutionality of the act above quoted. We will confine our decision to this question.

The statute in question is attacked as unconstitutional because "The classification of manufacturers apart from other remote

sellers has no reasonable relation to the purpose of the statute, and therefore denies such manufacturers the equal protection of the laws." There is no merit in this contention. The act applies alike to all manufacturers of personal property, and it is reasonable to classify manufacturers apart from other remote sellers, such as wholesalers, for the purpose of this legislation. It is a reasonable classification because the manufacturer has control over the materials that go into the product, the production methods employed, the labor and workmanship used in the manufacture of the product, the quality control procedures, and all other factors which go into the production of merchandise intended for sale to the public, which is entirely lacking in other remote sellers. This classification complies fully with the rules relative to classification referred to in *Geele* v. *State*, 202 *Ga.* 381 (43 S. E. 2d 254, 172 A.L.R. 196), and *Ledger-Enquirer Co.* v. *Brown*, 213 *Ga.* 538 (100 S. E. 2d 166). The act is not unconstitutional on this ground.

2. It is further contended that "The statute interferes with liberty of contract, thereby depriving a manufacturer of property without due process of law, for it creates an involuntary contractual relationship between the manufacturer and the consumer." We recognize at the outset the many cases cited by the defendant in error to the effect that the right to contract or not to contract is a property right protected by the due-process clauses of the State and Federal Constitutions, and if it appeared that the act in question unlawfully abridged this right, we would, of course, find that it offended due process. The first difficulty we have with this line of reasoning is whether the implied warranty created by the act here involved is contractual at all. A careful study of this question has convinced us that it is not.

In *Colt Co.* v. *Bridges*, 162 *Ga.* 154, 158 (132 S. E. 889), a suit in which an implied warranty was relied upon, this court said: "But it is insisted that the written contract provides that it 'covers all the agreements between the purchaser and the company,' and that the contract so made can not be altered or modified except by agreement in writing between the parties; and that to permit the buyer to set up an implied warranty

would add to the contract another agreement which is expressly prohibited by the above provision of the contract of sale. This contention is not sound. A warranty may be either express or implied. The former is created by the statement of the seller. The law creates the implied warranty. If the former is broad enough to exclude the latter, then it precludes the buyer from setting up the implied warranty of the law. If it is not extensive enough for that purpose, the implied warranty of the law exists. The latter does not arise from the contract of the parties. It is the offspring of the law. The assertion of the implied warranty does not in any way conflict with the stipulations of the written contract of sale that the instrument contains all the agreements of the parties. The defendant does not set up the implied warranty as resulting from the agreement of the parties. He asserts it as a right arising under the law."

It is thus seen that the implied warranty adds nothing to the agreement of the parties, but simply states the legal consequences attached to a described transaction. It is not dependent on any contract either in fact or by implication. The case of *Bond & Maxwell* v. *Perrin*, 145 *Ga.* 200 (88 S. E. 954), is cited and relied on by the defendant in error as establishing the proposition that an implied warranty is a creature of contract. This case is one in which there was in fact a contract existing between the parties. The court there said that "the law writes into the instrument as by implication" certain implied warranties. This case recognizes that the implied warranty is a legal and not a contractual obligation, but for convenience only it is said to become a part of the existing contract between the parties. Unless this distinction can be made, this case, which is not a full-bench decision, is apparently in conflict with *Colt Co.* v. *Bridges,* 162 *Ga.* 154, supra, which is a full-bench case.

This distinction has, however, been drawn also by courts of other jurisdictions. In Hoe *v.* Sanborn, 21 N. Y. 552, 564 (78 Am. Dec. 163) it is said: "Implied warranties do not rest upon any supposed agreement in fact. They are obligations which the law raises upon principles foreign to the actual contract; principles which are strictly analogous to those upon which vendors are held liable for fraud. It is for the sake of conve-

nience, merely, that this obligation is permitted to be enforced under the form of a contract. However refined this distinction may appear, its nonobservance has led to much of the confusion to be found in the cases on this subject." An observance of the distinction referred to will reconcile many of the apparently conflicting decisions on this subject, for it is clear that an implied warranty is not a contractual obligation. It is an obligation that the law places on a party as a result of some transaction entered into. However, the language in some of the cases to the effect that the implied warranty becomes a part of the contract, when there is a contract between the parties, could lead to an incorrect conclusion.

In the instant case, we have no contract between the manufacturer and the ultimate consumer, and the statute here under consideration does not undertake to make a contract between them or to prohibit or restrict in any way their right to contract as they please. It simply states that, unless there is an agreement to the contrary, a manufacturer of personal property offered for sale to the public as new property must warrant that he has manufactured such property to conform to the minimum standards therein set out. Other States have reached the same result without the aid of any statute. See Continental Copper & Steel v. E. C. "Red" Cornelius, (Fla.), 104 So. 2d 40, where a manufacturer of steel cable was held liable under an implied warranty even though there was no privity of contract.

We therefore hold that the liability created under this statute is not contractual, is not an attempt by the legislature to require manufacturers to enter into contracts with their ultimate consumers, and does not restrict their right to contract with reference to the subject matter of this legislation. It is simply a statement of a legal result of the transactions covered thereby. It therefore follows, the statute is not unconstitutional as violating the due-process clause of either the State or Federal Constitution because it interferes with or restricts liberty of contract.

3. Since, as held above, the implied warranty created by the act in question is not contractual, it is not necessary here to pass on the many questions addressed to the proposition that

the interference with the right to contract is protected by the due-process clauses of the State and Federal Constitutions.

4. For the reasons stated above, the act in question is not unconstitutional for any reason assigned, and the judgment of the court below dismissing the petition on motion was error and must be

*Reversed. All the Justices concur.*