[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13920

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 12, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-01113-CV-ORL-31-DAB

OCWEN ORLANDO HOLDINGS CORP.,
a Florida corporation,

Plaintiff–Appellee,

versus

HARVARD PROPERTY TRUST, LLC,
a Delaware limited liability company,
d.b.a. Behringer Harvard,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 12, 2008)**

Before BARKETT, FAY and STAPLETON,[*] Circuit Judges.

_____

[*] Honorable Walter K. Stapleton, United States Circuit Judge for the Third Circuit Court of Appeals, sitting by designation.

BARKETT, Circuit Judge:

Ocwen Orlando Holdings Corp. and Harvard Property Trust, LLC entered into an agreement on April 27, 2007 for the purchase of property in Orange County, Florida. In relevant part and in its original capitalization,[1] the agreement contained the following provision:

> SELLER AND PURCHASER, WAIVE ANY OBJECTION TO THE VENUE OF ANY ACTION FILED IN ANY COURT SITUATED IN THE JURISDICTION IN WHICH THE PROPERTY IS LOCATED AND WAIVE ANY RIGHT TO TRANSFER ANY SUCH ACTION FILED IN ANY COURT TO ANY OTHER COURT.

Shortly after entering into the agreement, Ocwen sued Harvard in Orange County Circuit Court for declaratory relief and breach of contract. Harvard removed the suit to federal court, the district court remanded it to state court on the basis of the above-quoted language in the agreement, and Harvard now appeals.

Harvard argues that the language of the forum selection clause—"waive any right to transfer"—waived only its right to transfer the suit for the convenience of the parties and witnesses but did not waive its right to remove the case from state to federal court.

Forum selection clauses are interpreted according to ordinary contract principles and may constitute waivers of the right to remove. Global Satellite

---

[1] Ocwen argues that the conspicuous capitalization of the forum selection clause in the agreement reinforces its importance. We do not consider that argument here.

Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271–72 (11th Cir. 2004);

Snapper, Inc. v. Redan, 171 F.3d 1249, 1260–61 (11th Cir. 1999) ("We need not

decide whether the clause rises to the level of a clear and unequivocal waiver

because we do not agree that such a high standard is required or desirable."). They

are frequently categorized as either permissive or mandatory. "A permissive

clause authorizes jurisdiction in a designated forum but does not prohibit litigation

elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for

litigation under the contract.'" Global Satellite, 378 F.3d at 1272 (quoting Snapper,

171 F.3d at 1262 n.24). Notwithstanding this oft-repeated taxonomy, courts have

implicitly recognized an intermediate category that provides for permissive

jurisdiction in one forum that becomes mandatory upon the party sued. In

Snapper, for example, we found that although the contract at issue permissively

authorized suit in one forum, the forum became "'mandatory' as to the [parties

sued] because it requires an absolute submission by them to the jurisdiction of

whichever of these fora [the suing party] chooses." 171 F.3d at 1262.

The forum selection clause at issue here is likewise one such hybrid clause.

The first portion of it is permissive. A party need not sue in Orange County,

Florida, but if a suit is initiated there, the defendant's consent to venue in Orange

County is contractually provided. The second portion, however, waives the

3

parties' rights to "transfer" the suit, when filed, to "any other court."  To "transfer" means to "convey or remove from one place or one person to another."  Black's Law Dictionary 1536 (8th ed. 2004).  The clause is not susceptible to more than one interpretation; therefore, its plain meaning governs.  Based upon the plain meaning of the word "transfer," we find that the forum selection clause waived Harvard's right to remove in addition to its right to transfer for the convenience of the parties and witnesses.

**AFFIRMED**.