## A10A1064. INTERNATIONAL GREETINGS USA, INC. v. CAMMACK.
## A10A1065. INTERNATIONAL GREETINGS USA, INC. v. SIGRETTO.
(703 SE2d 386)

PHIPPS, Presiding Judge.

In January 2009, International Greetings USA, Inc. brought actions against F. Scott Cammack and Curtis Sigretto in the State Court of DeKalb County, alleging that they had breached promissory notes. Cammack and Sigretto moved to dismiss under Georgia's forum non conveniens statute, OCGA § 9-10-31.1, asserting that the suits would more properly be heard as part of an action that Cammack and Sigretto, among others, brought against International Greetings and others in Kentucky in March 2009. The trial court granted the motions, and International Greetings filed these appeals, arguing that its actions were properly brought in Georgia pursuant to forum selection clauses in the promissory notes and thus should not have been dismissed. For the following reasons, we find that the language of the forum selection clauses precluded Cammack and Sigretto from seeking to dismiss the cases based on the doctrine of forum non conveniens, and thus the trial court erred in making a determination under the forum non conveniens statute and dismissing the cases on that ground.[1] Accordingly, we reverse.

The record shows that in 2008, Cammack and Sigretto each signed, as "Maker," a promissory note in favor of International Greetings, as "Payee," that contained the following forum selection clause, emphasized by the use of bold type and capital and small capital letters:

> Any controversy or claim arising under or relating to this Note or Maker's relationship with Payee, shall be brought, exclusively, in the state courts located in and for DeKalb County, Georgia or the United States District Court for the Northern District of Georgia, Atlanta Division. Each of

---

[1] Because our ruling herein turns on a question of contract interpretation — whether the plain and unambiguous language of the parties' agreements precluded Cammack and Sigretto from seeking dismissal under the forum non conveniens statute — we apply a de novo standard of review. See *Reynolds Properties v. Bickelmann*, 300 Ga. App. 484, 487 (685 SE2d 450) (2009) (contract construction is a question of law for the court that is subject to de novo review).

Payee and Maker consents and submits to the exclusive personal jurisdiction of and venue in such courts and waives any defenses or claims to the contrary, including but not limited to, lack of jurisdiction or improper venue.

In granting Cammack's and Sigretto's motions to dismiss the actions, the trial court first determined that, although the parties had agreed on Georgia as the forum for suits on the notes, the court could still conduct a forum non conveniens analysis under OCGA § 9-10-31.1. That Code section provides, in pertinent part, that "[i]f a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state . . . , the court shall dismiss the claim or action."[2] It further provides that "[i]n determining whether to grant a motion to dismiss an action . . . under the doctrine of forum non conveniens, the court shall give consideration to [seven enumerated] factors."[3] After deciding that OCGA § 9-10-31.1 applied, the court then weighed the factors set forth in that Code section to determine that dismissal was warranted based on the doctrine of forum non conveniens.

In Georgia, a forum selection clause is "prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances."[4]

To invalidate such a clause, the opposing party must show that trial in the chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court. A freely negotiated agreement should be upheld absent a compelling reason such as fraud, undue influence, or overweening bargaining power.[5]

Cammack and Sigretto neither argued nor made a showing that the forum selection clauses in their promissory notes were unenforceable under this standard. To the contrary, they concede that they have not challenged the clauses' validity. And the trial court did not make a finding that the forum selection clauses were unenforceable under Georgia law. Thus, the clauses' enforceability is not an issue on appeal.

---

[2] OCGA § 9-10-31.1 (a).

[3] Id.

[4] *The Houseboat Store v. Chris-Craft Corp.*, 302 Ga. App. 795, 797 (1) (b) (692 SE2d 61) (2010) (citation and punctuation omitted) (noting that Georgia has adopted the analysis regarding enforcement of forum selection clauses set forth by the United States Supreme Court in *The Bremen v. Zapata Off-Shore Co.*, 407 U. S. 1 (92 SC 1907, 32 LE2d 513) (1972)).

[5] *The Houseboat Store*, supra (citations omitted).

The forum selection clauses each included a provision in which Cammack and Sigretto, after agreeing to litigate any controversy or claim arising under or relating to the notes exclusively in certain Georgia courts and submitting to those courts' jurisdiction and venue, expressly waived "*any* defenses or claims to the contrary."[6] Cammack and Sigretto argue that this waiver did not encompass claims of forum non conveniens under OCGA § 9-10-31.1. The plain and unambiguous language of this provision shows otherwise.

"It is general contract law in Georgia that parties are free to contract about any subject matter, on any terms, unless prohibited by statute or public policy, and injury to the public interest clearly appears."[7] This includes the freedom to waive their rights created by statute.[8] OCGA § 9-10-31.1 was in existence when the parties signed the promissory notes in 2008.[9] That statute provided for the forum non conveniens determination to occur "on written motion of a party."[10] It did not prohibit contracting parties from waiving their option of moving for transfer or dismissal under the statute.[11] Because Cammack and Sigretto agreed in their promissory notes to waive any claims contrary to the provisions of the forum selection clauses, they waived their ability to seek such a determination under the statute.

Cammack and Sigretto argue that, notwithstanding the forum selection clauses, the trial court was authorized to entertain their claim of forum non conveniens and conduct the statutory analysis. They cite the United States Supreme Court's decision in *Stewart Organization v. Ricoh Corp.*,[12] a case involving the application of 28 USC § 1404 (a), a federal change of venue statute. In *Stewart Organization*, the Supreme Court held that a contract's forum selection clause was not dispositive of the proper venue for an action, although the clause was a significant factor in determining whether a change of venue would be warranted under the federal statute.[13]

We are not convinced to apply *Stewart Organization* to this case. The Court in *Stewart Organization* perceived a conflict between the

---

[6] (Emphasis supplied.)

[7] *Jones v. Jones*, 280 Ga. 712, 714 (1) (632 SE2d 121) (2006) (citation and punctuation omitted).

[8] See *Daniel v. Daniel*, 250 Ga. 849, 851 (2) (301 SE2d 643) (1983).

[9] OCGA § 9-10-31.1 was enacted as part of the Tort Reform Act of 2005 and became effective on February 16, 2005. See *EHCA Cartersville v. Turner*, 280 Ga. 333 (626 SE2d 482) (2006).

[10] OCGA § 9-10-31.1 (a).

[11] See generally *Holmes v. Clear Channel Outdoor*, 298 Ga. App. 178, 184 (3) (679 SE2d 745) (2009) (declining to interpret statute to impair freedom-of-contract right unless such impairment is specifically expressed or necessarily implied in statute).

[12] 487 U. S. 22 (108 SC 2239, 101 LE2d 22) (1988).

[13] Id. at 29-31 (III) (B).

federal statute allowing under certain circumstances the transfer of a case between two federal district courts, and state law governing the enforcement of parties' contractual choice of forum.[14] The Court noted that *Stewart Organization* was "not a case in which state and federal rules can exist side by side[,] each controlling its own intended sphere of coverage without conflict."[15] In resolving that conflict, the Court determined that the federal transfer of venue statute was a valid exercise of Congress's authority under the Constitution; consequently, the federal statute (rather than state law) governed the federal district court's decision whether to give effect to the forum selection terms of the contract.[16] Moreover, the federal venue statute at issue in *Stewart Organization* did not include language indicating that the statutory analysis would occur on the motion of a party;[17] nor did that case address whether the parties could, through a waiver clause, be precluded from asking the district court to make such determination.[18] In *Stewart Organization*, a party sought transfer *pursuant* to the terms of a forum selection clause, after the case was filed in a forum other than that designated in the contract.[19]

In contrast to *Stewart Organization*, this case involves no conflict between federal and state law, and thus it does not involve the supremacy principles under which the *Stewart Organization* Court decided that the federal venue statute's analysis governed whether to give effect to the terms of that contract. And, unlike in *Stewart Organization*, the court here conducted its forum non conveniens analysis in response to an action by the parties that they were prohibited by contract from taking.

Where parties are "free to draft their own contracts and set agreed-upon terms[,] courts are not at liberty to revise those terms."[20] Accordingly, the trial court erred when it granted relief to Cammack and Sigretto that by the plain and unambiguous terms of their contracts they were not allowed to pursue.[21]

*Judgment reversed. Miller, C. J., and Johnson, J., concur.*

---

[14] Id. at 30-31 (III) (B).

[15] Id. at 31 (citation and punctuation omitted).

[16] See id. at 31-32 (III) (B).

[17] See 28 USC § 1404 (a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

[18] See generally *Stewart Organization*, supra.

[19] See id. at 24.

[20] *Atkinson v. Cook*, 271 Ga. 57, 58 (518 SE2d 413) (1999).

[21] See id. See generally *Coleman v. Retina Consultants*, 286 Ga. 317, 322 (2) (687 SE2d 457) (2009) (court erred in issuing ruling contrary to terms of parties' agreement).

DECIDED NOVEMBER 16, 2010.

*Friend, Hudak & Harris, Michael S. Reeves, Benjamin M. Byrd,* for appellant.

*Parker, Hudson, Rainer & Dobbs, David B. Darden, Angelica Saavedra,* for appellee.