## A10A2235. CONSTRUCTORES ASOCIADOS de VIVIENDA Y URBANIZACION, S.A. de C.V. v. BENNETT MOTOR EXPRESS, LLC.

(706 SE2d 726)

MIKELL, Judge.

Following a bench trial, the trial court entered judgment in favor of Bennett Motor Express, LLC, on its contract claim against Constructores Asociados de Vivienda Y Urbanizacion, S.A. de C.V. ("Constructores") arising from its failure to pay Bennett on its bill of lading for a shipment from Washington State to Texas. Constructores appeals. Finding no error, we affirm.

"Appeals from bench trials, where the trial judge sits as the trier of fact and has the opportunity to assess the credibility of the witnesses, are reviewed under the clearly erroneous standard. And we will not disturb a trial court's findings if there is any evidence to support them."[1]

Constructores and Bennett stipulated at the beginning of the bench trial that Bennett transported a trencher, which is a large piece of construction equipment, from Richie Brothers Auction in Olympia, Washington to Pharr, Texas, and eventually to a McAllen, Texas warehouse. It was further stipulated that Constructores was the owner of the trencher.

Viewed in favor of the trial court's findings, the evidence showed that Constructores, a construction company which had conducted business in Salmolita, Mexico and Rio Bravo, Texas for over 20 years, purchased the trencher from Richie Brothers for $400,000 in 2008. Following the purchase, Constructores contacted its customs agent, BF Forwarding (BFF), to arrange for transportation of the trencher from Washington to Mexico. According to Jorge Bustamante, the owner of Constructores, "[t]he agency [BFF] takes care of everything." Bustamante acknowledged that BFF showed him a proposal from World Trans America Transport, Inc. (WTA) for transporting the trencher and that Constructores authorized WTA to ship the trencher from Washington to Mexico. Constructores paid WTA $44,000 in two wire transfers for the shipment.

---

[1] (Punctuation and footnote omitted.) *Ellis v. Stanford*, 256 Ga. App. 294, 297 (5) (568 SE2d 157) (2002).

WTA issued a Carrier Rate Confirmation to Bennett to transport the trencher for $29,000. The confirmation, which was signed by representatives of WTA and Bennett, stated that the load would be delivered to BFF in Pharr, Texas. Bennett then issued its bill of lading listing "Ritchie [sic] Bros." in Washington in the shipper's address block and Constructores in the consignee's address block. The confirmation also stated that all charges were to be paid by the consignee and that it was subject to the rules tariff printed on the back. Paragraph 6 of the rules tariff is a forum selection clause providing that any action brought by the carrier against the "shipper, consignor, consignee, or any third party involved in the movement who has failed to pay such charges within 30 days of presentation of the freight bill, shall be brought in the State Court of Henry County Georgia." It further provides that these parties consented to such forum selection and waived any defenses based on venue and lack of personal jurisdiction, among others.

Bennett delivered the trencher to BFF in Pharr, Texas, but Constructores, having already paid WTA, refused to make payment pursuant to the C.O.D. language on the bill of lading. Bennett's truck carrying the trencher remained in Pharr for over seven days, at which time Bennett decided to deliver the trencher to a storage facility in McAllen, Texas, pending resolution of the payment issue. Bennett incurred and paid storage charges for three months until, on November 6, 2008, the trencher was released to Constructores in exchange for a $40,000 cash bond which was posted in the registry of the Hidalgo County Texas District Court.

Bennett then filed suit against Constructores in Henry County. Constructores filed its special appearance answer and defenses, asserting lack of personal jurisdiction. Thereafter, on March 19, 2009, Constructores filed its motion to dismiss for lack of personal jurisdiction. On August 31, 2009, the trial court entered its order denying Constructores' motion based on the forum selection clause. Trial ensued, resulting in the judgment appealed.

Constructores' sole enumeration of error is that the trial court

> erred in finding that World Transamerica [sic] was the agent of Constructores, as such finding wrongfully permitted the [t]rial [c]ourt to determine that it exercised valid personal jurisdiction over Constructores via [Bennett's] forum selection clause and that Constructores was contractually bound to pay [Bennett's] freight charges.

Constructores' argument is based on common law agency principles which have been found inapplicable to interstate commerce shipments such as this one. As found in *Mitsui Marine &c. Ins. Co.*

*v. Hanjin Shipping Co.*,[2] "[t]he *Kirby*[3] court plainly established a bright line default rule that 'an intermediary binds a cargo owner to the liability limitations it negotiates with downstream carriers.' *Privity of contract is not required, nor is a traditional agency relationship.*"[4] The same rationale applies to forum selection and personal jurisdiction clauses as well, especially in light of Georgia's policy favoring such clauses. This Court has adopted the United States Supreme Court's ruling in *The Bremen v. Zapata Off-Shore Co.*,[5] that "forum selection clauses are prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances."[6]

> To invalidate such a clause, the opposing party must show that trial in the chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court. A freely negotiated agreement should be upheld absent a compelling reason such as fraud, undue influence, or overweening bargaining power.[7]

Constructores, having enjoyed its day in court, obviously cannot meet this standard.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 23, 2011.

*Power, Jaugstetter & Futch, Patrick D. Jaugstetter, Lauren A. Thompson*, for appellant.

*Grant R. Brooker*, for appellee.

---

[2] 279 Ga. App. 689 (632 SE2d 467) (2006).

[3] *Norfolk Southern R. Co. v. James N. Kirby, Pty Ltd.*, 543 U. S. 14 (125 SC 385, 160 LE2d 283) (2004).

[4] (Footnotes omitted; emphasis supplied.) *Mitsui Marine &c.*, supra at 693-694.

[5] 407 U. S. 1 (92 SC 1907, 32 LE2d 513) (1972).

[6] (Citations omitted.) *SR Business Svcs. v. Bryant*, 267 Ga. App. 591, 592 (600 SE2d 610) (2004).

[7] (Punctuation omitted.) Id., citing *Iero v. Mohawk Finishing Products*, 243 Ga. App. 670 (534 SE2d 136) (2000).