**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 9, 2012**

# In the Court of Appeals of Georgia

A12A1002. LAIBE CORPORATION v. GENERAL PUMP &
     WELL, INC.

DILLARD, Judge.

We granted Laibe Corporation's ("Laibe") application for interlocutory appeal to review the trial court's denial of a motion to dismiss General Pump & Well, Inc.'s ("General") complaint for, *inter alia*, improper venue and lack of personal jurisdiction. For the reasons set forth *infra*, we vacate the trial court's denial of Laibe's motion to dismiss and remand with direction.

The record reflects that General is a Georgia corporation and Laibe is an Indiana corporation. In May 2008, General filed a complaint against Laibe concerning the March 2005 purchase of a water-well drilling unit for $438,043.00. General alleged that the drilling unit failed to operate to design specifications, repeatedly

broke or malfunctioned, and was not fit for the particular purpose for which it was intended. Thus, General alleged that Laibe had breached implied warranties of merchantability and fitness for a particular purpose, and sought damages in the amount of $74,500.00.

In response, Laibe sought removal to federal district court, but the case was remanded back to the state court. Laibe subsequently filed a motion to dismiss pursuant to OCGA § 9-11-12 (b) (2), (3), and (6), and admitted that it sold the water-well drilling unit to General but contended that the terms of the sale agreement barred General's complaint. Laibe included a copy of the sales contract between the parties and argued that, pursuant to the agreement's terms, (1) General failed to file suit within a specified limitations period; (2) General failed to state a claim upon which relief could be granted because the contract disclaimed the relevant warranties;[1] (3) the trial court lacked personal jurisdiction; and (4) venue in Georgia was improper because the contract contained an enforceable forum-selection clause.[2]

_____

[1] *See* OCGA § 9-11-12 (b) (6) (motion for failure to state a claim upon which relief can be granted).

[2] *See* OCGA § 9-11-12 (b) (2) (motion for lack of jurisdiction over the person); OCGA § 9-11-12 (b) (3) (motion for improper venue).

In response to the motion, General argued that the trial court could not consider the sales contract because its claims arose out of law, not from the contract, and because consideration of the contract would convert the motion to dismiss into a motion for summary judgment. General did not attach any affidavits or other evidence to its response. And before the court ruled on Laibe's motion, General amended its complaint to add claims for negligent design, manufacture, service, and repair of the drilling unit.

The trial court conducted a hearing on Laibe's motion to dismiss, during which no evidence or oral testimony was presented; and in May 2011, the trial court denied Laibe's motion on each enumerated ground. Primarily, the trial court held that the sales contract between the parties did not apply because, pursuant to our Supreme Court's decision in *Bookholt v. General Motors Corp.*,[3] General's claims arose by creation of law and not from the contract. Further, the trial court held that even if the contract applied, the relevant provisions—*i.e.*, disclaimer of warranties, limitations period, forum-selection clause—were "unenforceable as abhorrent to Georgia law." The trial court issued a certificate of immediate review, and this appeal by Laibe follows.

---

[3] 215 Ga. 391 (110 SE2d 642) (1959).

Although Laibe argues that the trial court erred in denying its motion on each ground enumerated before that court, we vacate the trial court's order because it erred in determining that the contract was inapplicable and, if applicable, that the forum-selection clause was unenforceable. Thus, our discussion below is concerned solely with that argument, and we need not address Laibe's other enumerations of error.

1. To begin with, the trial court erred by determining that the sales contract between the parties was inapplicable to General's complaint and, consequently, to Laibe's motion to dismiss same. The trial court accepted General's argument that our Supreme Court's decision in *Bookholt* requires non-consideration of a contract for the sale of goods when the purchaser makes claims for breach of the implied warranties of fitness and merchantability because those warranties arise as a matter of law, not contract. We disagree with this contention.

Georgia's codification of the Uniform Commercial Code provides that, unless excluded or modified, warranties of merchantability and fitness for a particular purpose are implied in contracts for the sale of goods.[4] And the UCC sets forth

[4] *See* OCGA § 11-2-314 (1) ("Unless excluded or modified . . . , a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."); OCGA § 11-2-315 ("Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment

4

specific requirements for the exclusion or modification of warranties, including the implied warranties of merchantability and fitness for a particular purpose.[5]

In *Bookholt*, our Supreme Court was faced with a challenge to the constitutionality of implied warranties and considered "whether the implied warranty created by [law] . . . is contractual at all" with a determination that it was not.[6] The Court noted that "the implied warranty adds nothing to the agreement of the parties, but simply states the legal consequences attached to a described transaction" and "is not dependent upon any contract either in fact or by implication."[7] Further, the Court held that an implied warranty is "an obligation that the law places upon a party as a

---

to select or furnish suitable goods, there is unless excluded or modified . . . an implied warranty that the goods shall be fit for such purpose.").

[5] *See* OCGA § 11-2-316; *see also Bennett v. Matt Gay Chevrolet Oldsmobile, Inc.*, 200 Ga. App. 348, 350-51 (2) (408 SE2d 111) (1991) (discussing the requirements for disclaimer of warranties); *Chrysler Corp. v. Wilson Plumbing Co.*, 132 Ga. App. 435, 437 (1) (208 SE2d 321) (1974) (same).

[6] 215 Ga. at 392 (2).

[7] *Id.* at 393 (2).

result of some transaction entered into."[8] But the Court also recognized that an implied warranty can be disclaimed by agreement.[9]

Having carefully considered the Supreme Court's opinion, we do not share the trial court and General's overly broad reading of *Bookholt*, because the language in that decision makes abundantly clear that the underlying contractual transaction is what *triggers* the legal obligations of implied warranties.[10] Indeed, our Supreme Court has more recently explained that "the implied warranties of the UCC arise out of a contract for the sale of goods."[11] Thus, it would be patently absurd to conclude that the written contract, of which those warranties are a "legal consequence," is irrelevant

---

[8] *Id.* at 394 (2).

[9] *Id*. (holding that the warranty implied by law exists "unless there is an agreement to the contrary"); *see also Wilson v. Eargle*, 98 Ga. App. 241, 250 (105 SE2d 474) (1958) ("We agree . . . that a contract which is . . . drawn as to waive the implied warranties written into the sale by law should be clear and certain on that point . . . .").

[10] *See Bookholt*, 215 Ga. at 392-94 (2).

[11] *Ole Mexican Foods, Inc. v. Hanson Staple Co.*, 285 Ga. 288, 289 (676 SE2d 169) (2009).

or inapplicable to a motion to dismiss a claim for breach of those warranties—especially when the written agreement is alleged to disclaim the same.[12]

Furthermore, as to General's argument that consideration of the written agreement would have converted the motion to dismiss into a motion for summary judgment, although this might have been true as to Laibe's 12 (b) (6) arguments for failure to state a claim upon which relief can be granted,[13] the consideration of matters

---

[12] *Cf. Brinson v. Martin*, 220 Ga. App. 638, 640-41 (2) (469 SE2d 537) (1996) (rejecting argument that forum-selection clause in contract did not apply to certain claims because "those claims do not arise out of the contract and involve parties who were not signatories to the contract" when it was "clear from [the] complaint that the claims arose either directly or indirectly from [the] contract").

[13] *See, e.g.*, *Johnson v. RLI Ins. Co.*, 288 Ga. 309, 309 (704 SE2d 173) (2010) ("[W]e conclude that the language of OCGA § 9-11-12 (b) requires a reviewing court to treat a motion to dismiss for failure to state a claim upon which relief can be granted as a motion for summary judgment if matters outside the pleading are presented to and not excluded by the court." (punctuation omitted)); *Bd. of Regents of the Univ. Sys. of Ga. v. Ruff*, 315 Ga. App. 452, 454 (1) (726 SE2d 451) (2012) ("If, on motion to dismiss for failure to state a claim, the trial court elects to consider matters outside of the pleadings, the motion shall be treated as one for summary judgment . . . ." (punctuation omitted)). *Compare Brown v. Gadson*, 288 Ga. App. 323, 326 (3) (654 SE2d 179) (2007) ("The trial court's order granting [appellee's] motion to dismiss was based on the agreement of the parties, which was attached to and incorporated into the pleadings. As a result, the trial court's consideration of the same did not convert the motion to dismiss to a motion for summary judgment."). We note that Laibe did not file anything styled as an answer, but for purposes of resolving the issues on appeal, we need not determine whether Laibe's motion to dismiss also constituted an answer. *Compare Trammel v. Bradberry*, 256 Ga. App. 412, 426 (9) (568 SE2d 715) (2002) (physical precedent only) (defendant's motion to dismiss

outside the pleadings on a 12 (b) (2) or 12 (b) (3) motion to dismiss for lack of personal jurisdiction or improper venue does not convert the motion to one for summary judgment.[14] Thus, the trial court erred in holding that it could not consider the sales contract when deciding whether to grant Laibe's motion to dismiss.

2. Having determined that the sales contract was relevant and should have been considered by the trial court in assessing Laibe's arguments regarding the forum-selection clause, we must now consider whether the trial court was correct that, even if considered, that provision was unenforceable.[15]

constituted an answer), *with Turner v. State*, 213 Ga. App. 309, 310 (3) (444 SE2d 372) (1994) (defendant's motion to dismiss was not sufficient to constitute an answer).

[14] *See, e.g., Church v. Bell*, 213 Ga. App. 44, 45 (443 SE2d 677) (1994) ("Under OCGA § 9-11-12 (b), . . . only motions under OCGA § 9-11-12 (b) (6), failure to state a claim upon which relief can be granted, are converted to motions for summary judgment when matters outside the pleadings are considered."); *Behar v. Aero Med Int'l, Inc.*, 185 Ga. App. 845, 845 (1) (366 SE2d 223) (1988) ("A motion to dismiss for lack of personal jurisdiction is a motion in abatement and not a motion in bar. Thus, motions to dismiss for lack of personal jurisdiction cannot be disposed of as motions for summary judgment." (citations omitted)).

[15] We note that although the contract between the parties also contains a choice-of-law provision, because the question concerning the forum-selection clause is one of procedure, we apply Georgia law. *See Bunker Hill Int'l, Ltd. v. Nationsbuilder Ins. Servs., Inc.*, 309 Ga. App. 503, 506 (710 SE2d 662) (2011) ("Under the rule of lex fori, procedural or remedial questions are governed by the law of the forum, the state in which the action is brought. Specifically, and although the

Georgia has adopted the Supreme Court of the United States's ruling that forum-selection clauses are "prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances."[16] Indeed, to invalidate a forum-selection clause, the party opposing the provision "must show that trial in the chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court."[17] And, suffice it

---

contract at issue here specifies that the contract should be construed according to [another state's] law, the question of venue is a procedural one to which Georgia law applies." (citation and punctuation omitted)); *see also Brinson*, 220 Ga. App. at 638-39 (1) (a) ("Contract provisions and statutes governing the place of bringing a suit do not affect the parties' substantive rights, but rather are a matter of procedure. Thus, although under its own terms, the . . . contract dictates that it is to be construed according to [another state's] law, because questions of venue are procedural, the rule of lex fori demands a different result." (citation omitted)).

[16] *Constructores Asociados de Vivienda y Urbanizacion, S.A. de C.V. v. Bennett Motor Express, LLC*, 308 Ga. App. 67, 69 (706 SE2d 726) (2011) (punctuation omitted); *see also Murray v. The Educ. Res. Inst., Inc.*, 272 Ga. App. 171, 172 (612 SE2d 23) (2005) ("In Georgia, both personal jurisdiction and venue forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."). *See generally M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (92 SCt 1907, 32 LE2d 513) (1972).

[17] *Bennett Motor Express*, 308 Ga. App. at 69 (punctuation omitted); *accord Int'l Greetings USA, Inc. v. Cammack*, 306 Ga. App. 786, 787 (703 SE2d 386) (2010).

to say, a freely negotiated agreement "should be upheld absent a compelling reason such as fraud, undue influence, or overweening bargaining power."[18]

In the case *sub judice*, the contract between the parties includes a paragraph that contains, *inter alia*, the following language in all-caps:

> You agree that the court of the State of Indiana for Marion County or any federal district court having the jurisdiction in that county shall have exclusive jurisdiction for the determination of all disputes arising under this contract.

The trial court held that because this forum-selection clause was inapplicable—a decision which was erroneous for the reasons set forth in Division 1, *supra*—Laibe failed to carry its burden of proof.[19] Additionally, citing to the Supreme Court of the United States's decision in *Carnival Cruise Lines, Inc. v. Shute*,[20] the trial court held in a footnote that because the language in the paragraph containing the forum-selection clause "cannot be fairly interpreted to extend the rights therein to both

---

[18] *Bennett Motor Express*, 308 Ga. App. at 69 (punctuation omitted); *accord Int'l Greetings USA*, 306 Ga. App. at 787.

[19] *See Home Depot Supply, Inc. v. Hunter Management, LLC.*, 289 Ga. App. 286, 286 (656 SE2d 898) (2008) ("In Georgia, a defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack of jurisdiction.").

[20] 499 U.S. 585 (111 SCt 1522, 113 LE2d 622) (1991).

parties equally, it is fundamentally unfair and amounts to a bad-faith tactic intended to discourage pursuit of legitimate claims by [General]."

The trial court, presumably, was concerned with language that indicates that "[n]othing stated in this Contract is intended to prevent us [Laibe] from commencing any action in any court having proper jurisdiction." But we do not view the above-quoted language as being fundamentally unfair or evincing bad faith on Laibe's part.[21] Indeed, in the very case relied upon by the trial court, our federal Supreme Court held that any suggestion of bad-faith was belied by the fact that the selected venue was the principal place of the cruise line's business, there was no evidence that accession to

---

[21] We likewise reject General's argument that the relevant language renders the forum-selection clause unenforceable as a permissive clause rather than a mandatory clause. *See Ocwen Orlando Holdings Corp. v. Harvard Prop. Trust, LLC*, 526 F3d 1379, 1381 (11th Cir. 2008) ("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, dictates an exclusive forum for litigation under the contract. Notwithstanding this oft-repeated taxonomy, courts have implicitly recognized an intermediate category that provides for permissive jurisdiction in one forum that becomes mandatory upon the party sued." (citation and punctuation omitted)); *Snapper, Inc. v. Redan*, 171 F3d 1249, 1262 n.24 (III) (11th Cir. 1999) ("[T]he provision at issue in this case gives [the appellant] an absolute right to choose the forum. The contract may be considered 'permissive' in that it specifically allows [the appellant] to select the Georgia state courts, the federal district court for the Northern District of Georgia, or any other appropriate jurisdiction. The contract is 'mandatory' as to the [the appellee], however, because it requires an absolute submission by them to the jurisdiction of whichever of these fora that [the appellant] chooses.").

11

the clause was obtained by fraud or overreaching, and the plaintiff conceded to having notice of the provision.[22]

Similarly here, there is a decided lack of evidence in the record to support any assertion that the forum-selection provision is unreasonable or that it resulted from fraud, overweening bargaining power, or undue influence. On appeal, General more or less argues that the language on the face of the contract evinces overreaching by Laibe. But as explained *supra*, General did not attach any affidavits or other evidence to its response to Laibe's motion to dismiss, and the trial court did not hear oral testimony or receive other evidence at the hearing on the motion.[23]

General presented no evidence that pursuing legal remedies in Indiana would be so inconvenient that the company would, "for all practical purposes, be deprived of [its] day in court."[24] Additionally, the relevant contract was entered into between two corporations, and the five-page contract—only two of which contain terms and

---

[22] *Carnival Cruise Lines*, 499 U.S. at 595 (IV) (A).

[23] *See Alcatraz Media, LCC v. Yahoo! Inc.*, 290 Ga. App. 882, 884 (1) (660 SE2d 797) (2008) ("In Georgia, a defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack of jurisdiction. And any disputes of fact in the written submissions supporting and opposing the motion to dismiss are resolved in favor of the party asserting the existence of personal jurisdiction.").

[24] *Bennett Motor Express*, 308 Ga. App. at 69 (punctuation omitted).

conditions—includes a separate signature from General's owner, acknowledging "receipt of an exact copy of this contract and . . . that you have read the warranty on the reverse side," followed by a notation that "additional terms and conditions are detailed on the reverse side." Thus, there is no evidence of fraud, overweening bargaining power, or undue influence because General failed to present *any* competing evidence to show that the forum-selection clause should not be enforced.[25] Therefore, the trial court erred in denying dismissal of the complaint for lack of personal jurisdiction and improper venue.[26]

---

[25] *See Carter's Royal Dispos-All v. Caterpillar Fin. Servs., Inc.*, 271 Ga. App. 159, 160-61 (1), (2) (609 SE2d 116) (2004) (concluding that there was no evidence of overweening bargaining power when there was "little evidence setting forth what transpired during the *bargaining* process," no evidence that party opposing clause was misled as to terms of agreement, and no showing was made that foreign forum would be inconvenient so as to deprive of day in court); *Antec Corp. v. Popcorn Channel, L.P.*, 225 Ga. App. 1, 2 (1) (482 SE2d 509) (1997) (affirming dismissal based on forum selection clause when the appellant made "no claims that its agreements with [appellee] were adhesion contracts, and there is nothing in the record which indicates any disparity of bargaining positions"); *Brinson*, 220 Ga. App. at 639-40 (1) (b) (concluding that record did not support assertion of no notice when contract was six pages long, contained fourteen enumerated paragraphs, and venue clause was conspicuous; and rejecting argument of disparate bargaining powers when nothing in the record addressed the relative bargaining positions of the parties or suggested that signor did not have the option of refusing to sign the contract containing the clause).

[26] *See Lease Fin. Group v. Delphi, Inc.*, 266 Ga. App. 173, 175 (596 SE2d 691) (2004) (reversing trial court's denial of motion to dismiss when there was no

Accordingly, for all the foregoing reasons, we vacate the trial court's order denying Laibe's motion to dismiss and remand for the entry of an order dismissing General's complaint.

*Judgment vacated and case remanded with direction. Ellington, C. J., and Phipps, P. J., concur in judgment only.*

---

"evidence in the record regarding the relative bargaining power of the parties," no evidence "to show that [the appellee] could not have suggested a modification to the agreement," and forum-selection provision was not "concealed" in contract); *SR Bus. Servs., Inc. v. Bryant*, 267 Ga. App. 591, 592-93 (600 SE2d 610) (2004) (reversing trial court's denial of motion to dismiss when plaintiff did not present evidence as to relative bargaining positions of parties and nothing in the record showed that plaintiff's signature was the result of fraud or overreaching, or that the plaintiff "did not retain the option of refusing to sign the contract containing the clause"). *Cf. M/S Bremen*, 407 U.S. at 1912-13 ("There are compelling reasons why a freely negotiated private . . . agreement, unaffected by fraud, undue influence, or overweening bargaining power, such as that involved here, should be given full effect." (footnote omitted)).