**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A2050. GENERAL PUMP & WELL, INC. v. MILLER d/b/a
     CENTERLINE MANUFACTURING CO.

MILLER, Judge.

This appeal arises from the failure of a well-drilling unit purchased by General

Pump & Well, Inc., which included a component part manufactured by Corey Miller

d/b/a Centerline Manufacturing Company ("Centerline"). To date, General Pump has

litigated the failure of this well-drilling unit in multiple venues in both state and

federal courts, including the litigation that resulted in this Court's decision in *Laibe*

*Corp. v. Gen. Pump & Well, Inc.*, 317 Ga. App. 827 (733 SE2d 332) (2012)

(hereinafter "*General Pump I*").[1] General Pump appeals from the grant of

---

[1] See *General Pump & Well, Inc. v. Laibe Supply Corp., Centerline Mfg. Co., and Matrix Drilling Prod. Co.*, No. CV607-30 (S.D. Ga. May 10, 2007) (Moore, J.); *Gen. Pump & Well, Inc. v. Laibe Supply Corp.*, No. CV607-30, 2007 U.S. Dist. LEXIS 80656 (S.D. Ga., Oct. 31, 2007); *Gen. Pump & Well, Inc. v. Laibe Supply*

Centerline's motion to dismiss, contending that the trial court erred in dismissing this case for lack of personal jurisdiction and improper venue based solely upon this Court's decision in *General Pump 1*. Since we find that our decision in *General Pump 1* is not controlling here, we reverse and remand.

> A defendant moving to dismiss for lack of personal jurisdiction bears the burden of proving the absence of jurisdiction. To meet that burden, the defendant may raise matters not contained in the pleadings. However, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. Further, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. When examining and deciding jurisdictional issues on a motion to dismiss, a trial court has discretion to hear oral testimony or to decide the motion on the basis of affidavits and documentary evidence alone pursuant to OCGA § 9-11-43 (b).

(Citations and punctuation omitted.) *Hyperdynamics Corp. v. Southridge Capital Mgmt.*, 305 Ga. App. 283, 283-284 (I) (699 SE2d 456) (2010). Where, as here, the

---

*Corp.*, No. CV607-30, 2007 U.S. Dist. LEXIS 94990, at *9-11 (II) (A) (S.D. Ga., Dec. 28, 2007); *General Pump & Well, Inc. v. Laibe Supply Corp., Centerline Mfg. Co., and Matrix Drilling Prod. Co.*, No. 1:08-OCGA §-009 (S.D. Ind. Jan. 3, 2008); *Gen. Pump & Well, Inc. v. Matrix Drilling Products Corp.*, No. CV608-045, 2009 U.S. Dist. LEXIS 24569, at *2-3 (S.D. Ga. Mar. 26, 2009).

trial court resolved the motion to dismiss based solely upon written submissions, rather than upon evidence presented at a hearing, this Court is in an equal position with the trial court to determine and examine the facts under a non-deferential standard and we resolve all disputed issues of fact in favor of the party asserting the existence of personal jurisdiction. See id. at 284 (I); see also *Sun v. Girardot*, 302 Ga. App. 395, 395-396 (691 SE2d 278) (2010) (applying de novo standard of review to grant of motion to dismiss for lack of subject matter jurisdiction and improper venue based on trial court's consideration of parties' written submissions).

So viewed, the record shows that, in the fall of 2004, General Pump, a Georgia company, contacted Laibe Corporation in Indiana to discuss the purchase of a water well-drilling unit. Between November 2004 and March 2005, General Pump and Laibe discussed various options for configuration of the well-drilling unit, including Laibe's recommendation for incorporation of a duplex mud pump manufactured by Centerline, and drilling rods manufactured by Matrix Drilling Company. After contacting Centerline directly, General Pump entered into a new equipment purchase contract with Laibe for a custom well-drilling unit, which included the Matrix drilling rods and the mud pump that Centerline manufactured and specifically provided at an additional cost of $15,000. Laibe assembled the well-drilling unit in Indiana and

delivered it to General Pump in Georgia on April 2005. The well-drilling unit subsequently developed recurring hydraulic problems and was returned to Indiana for repairs. After determining that the hydraulic problems were caused by a faulty check value on the Centerline mud pump, Laibe repaired the hydraulic system and the mud pump and returned the well-drilling unit to General Pump.

Thereafter, in April 2006, a hole developed in the main housing of the Centerline mud pump. General Pump contacted Centerline directly and explained the problem. Centerline told General Pump that it had seen the same problem before and recommended a temporary solution. Although General Pump made the suggested temporary repair, the mud pump continued to fail at increasingly shorter intervals. As a result, the well-drilling unit was unusable for extended periods of time.

As set forth above, General Pump subsequently litigated claims against Laibe, Centerline and Matrix in numerous venues in both state and federal courts, including the present action and individual complaints against Laibe and Matrix in the State Court of Tattnall County. See *Matrix Drilling*, supra, No. OCGA § 608-045 at *1-3. Thereafter, the trial court denied Laibe's motion to dismiss General Pump's individual suit against it for lack of personal jurisdiction and improper venue. In *General Pump 1*, this Court held that the trial court should have granted Laibe's

4

motion to dismiss, because the sales contract for the well-drilling unit applied to General Pump's individual claims against Laibe, and the forum selection clause in that contract was enforceable. *General Pump 1*, supra, 317 Ga. App. at 831-834 (2). Following this Court's ruling in *General Pump 1*, the trial court granted Centerline's motion to dismiss the instant suit for lack of jurisdiction and improper venue, finding that this case arises from the same contract and the same sales transaction that was at issue in *General Pump 1*.

In its sole enumeration of error, General Pump contends that the trial court erred in dismissing the present action for lack of personal jurisdiction and improper venue based *solely* on this Court's decision in *General Pump 1*. We agree.

In *General Pump 1,* Laibe argued that the trial court erred in denying its motion to dismiss on four distinct grounds: (1) that General Pump failed to file suit within a specified limitations period; (2) that General Pump failed to state a claim because the contract disclaimed the relevant warranties; (3) lack of personal jurisdiction; and (4) improper venue based on the contract's forum-selection clause. See *General Pump 1*, supra, 317 Ga. App. at 828. Contrary to the trial court's finding in the instant case, however, this Court did not hold in *General Pump 1* that the trial court erred in denying Laibe's motion to dismiss for lack of personal jurisdiction. Rather, in

5

vacating the denial of the trial court's motion to dismiss, this Court solely addressed Laibe's argument that the contract between Laibe and General Pump for the purchase of the well-drilling unit and the contract's forum-selection clause applied to General Pump's *individual claims* against Laibe. Id. at 829.

This Court's decision in *General Pump 1* also did not address the additional terms of the purchase contract between General Pump and Laibe. Notably, the purchase contract expressly excludes liability for materials or components that were not manufactured by or directly supplied by Laibe.[2] Moreover, the contract

---

[2] The contract states in pertinent part:

3. *Warranties*, (a) Except as provided in Section 3 (b) and Section 4, we warrant to you, the original buyer only, that the Equipment (exclusive of the materials and *components* used in the Equipment) will be of good quality and workmanship, and free from defects . . .

(b) Excluded from this warranty are (i) defects in parts or components not supplied directly by us; (ii) added part(s) that are not part of our standard design or are supplied pursuant to you special requirements; (iii) defects, damages or failure caused by unauthorized alterations or non-approved parts[;] . . . (vi) any part that has been subject to . . . negligent repair or failure to provide reasonable and necessary maintenance; and (vii) defects, damages or failures caused by . . . negligent repair . . .

expressly requires General Pump to file any claims regarding allegedly defective component parts directly against the manufacturers or suppliers of those component parts, none of whom were signatories to the contract.

In sum, our decision in *General Pump 1* does not control and really does not apply to the instant action involving a component part of the well-drilling unit, because *General Pump 1* was limited solely to the applicability of the forum-selection clause to General Pump's individual claims against Laibe, and *General Pump 1* did

---

(c) The Equipment may incorporate many component parts manufactured by companies other than us. . . . This limited warranty does not applied to such component parts, but such component parts may be warranted by the companies that manufactured them. Any limited or express warranty provided by the manufacturer or supplier of materials or components used in the Equipment will be passed on by us to you, to the extent possible. . . . If any material or components used in the Equipment are defective, you will not file a claim against us, but will instead file you claim directly against the manufacturer or supplier [.]

4. *Disclaimer of Warranties and Limitation of Liability:*. . . .Your sole and exclusive remedy relating to this agreement and/or Equipment shall be the remedies if any afforded by the limited warrant in section 3 above and the transferable warranties of the manufacturers of components and systems of Equipment[.]

not address the contract terms excluding liability for component parts. Since *General Pump 1* does not control, the trial court erred in dismissing this case. Accordingly, we reverse the trial court's judgment and remand this case for proceedings consistent with this opinion.

*Judgment reversed and remanded. Barnes, P. J., and Ray, J., concur.*